96 F.3d 1430
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alfred K. BROWN, Petitioner,
v.
Paul MURPHY, Supt., OCCC, Respondent.
 No. 96-1059.
 United States Court of Appeals, First Circuit.
 Sept. 23, 1996.
 
 Alfred K. Brown on brief pro se.
 Scott Harshbarger, Attorney General, and Gail M. McKenna, Assistant Attorney General, Criminal Bureau, on brief for appellee.
 Before SELYA, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Alfred K. Brown appeals the denial by the district court of his motion for habeas relief, pursuant to 28 U.S.C. § 2254. We affirm.[1]
 
 
 2
 Brown first claims that he received constitutionally ineffective assistance of counsel in the state trial and appellate courts. The state contends that the ineffective assistance claim is insulated from federal habeas review because the state court found it procedurally defaulted. Brown responds in turn that the default should be excused because it was caused by ineffective assistance of appellate counsel. The claim of ineffective assistance of appellate counsel is based solely on counsel's failure to argue ineffective assistance of trial counsel. Since the question of whether cause has been shown is inextricably entangled with the merits, we find it easier to address directly those merits.
 
 
 3
 We find the claim of ineffective assistance of trial counsel to be without foundation, essentially for the reasons given by the district court. We add only the following.
 
 
 4
 Insofar as Brown's claim rests on counsel's alleged failure to investigate adequately the defense of insanity, the record indicates no such deficiency. We note in particular that the information provided in the affidavits of Drs. Yudowitz and Profit is essentially cumulative of what was presented at trial. Hence, the failure to present such information does not constitute ineffective assistance of counsel. See, e.g., United States v. Jackson, 935 F.2d 832, 846 (7th Cir.1991) (counsel not ineffective for failing to present cumulative evidence).
 
 
 5
 Brown may be correct in his claim that the trial judge erred in informing the jury as to the sentencing consequences of the verdicts of first and second degree murder, other than that of not guilty. See Commonwealth v. Ferreira, 373 Mass. 116, 123-38, 364 N.E.2d 1264, 1269-72 (1977) (error to charge jury that verdict of guilty of murder in first degree would carry sentence of life imprisonment without parole, whereas verdict of guilty of murder in second degree would carry same sentence with eligibility for parole after fifteen years). However, it would have been reasonable for counsel to have made a "deliberate tactical decision" not to object to that charge based on the reasoning "that informing the jury of the sentencing outcomes associated with possible verdicts improved his client's chances of avoiding a verdict of guilty of murder in the first degree." Commonwealth v. Burnett, 371 Mass. 13, 16-17, 353 N.E.2d 665, 667 (1976). A decision consistent with a reasonable trial strategy cannot support a claim of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 689 (1984); Lema v. United States, 987 F.2d 48, 51 (1st Cir.1993).
 
 
 6
 Finally, we agree with finding of the state trial and appellate courts that the record indicates that Brown's statements to the police on the night of the murders were voluntary.
 
 
 7
 Affirmed. See 1st Cir. Loc. R. 27.1.
 
 
 
 [1]
 The "Antiterrorism and Effective Death Penalty Act of 1996" (Pub.L.104-32) was signed into law while this appeal was pending. We need not determine to what extent the Act's amendments govern this case since, even under the more expansive scope of review prior to the Act, Brown is not entitled to relief